**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

UNITED STATES OF AMERICA,          :
                                   :
v.                                 :
                                   :     Case No.: 7:22-CR-00002 (WLS-TQL)
                                   :
JAMES BRODIE MAY,                  :
                                   :
                                   :
          Defendant.               :
_____      :

## ORDER

Before the Court is a "Joint Motion for Continuance" filed by the Parties in the above-styled action on April 29, 2022. (Doc. 19.) Therein, the Parties request that this Court continue to the next available trial term. (*Id.*) Defendant May was indicted on a two-count indictment on January 11, 2022. (Doc. 1.) He was arraigned before the Honorable Magistrate Judge Thomas Q. Langstaff on April 26, 2022. (Doc. 14.) In support of their request to continue, the Parties explain that additional time is needed to complete and review discovery, assess the need for additional discovery or investigation, and to consider and file any motions appropriate for this action. (*Id.* at 1-2.) Moreover, the Parties assert that they have not been able to engage in meaningful efforts to resolve this case without trial, and additional time would allow for them to conduct plea negotiations. (*Id.* at 2.)

The Speedy Trial Act permits a district court to grant a continuance of the trial so long as the court makes findings that the ends of justice served by ordering a continuance outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Section 3161(h)(7)(B) provides a number of factors the Court must consider when granting a continuance. *United States v. Ammar*, 842 F.3d 1203, 1206 (11th Cir. 2016). Among those factors are the likelihood that the lack of a continuance will result in a miscarriage of justice and the likelihood that failure to grant a continuance would deprive the defendant continuity of counsel or reasonable time necessary for effective preparation. 18 U.S.C. § 3161(h)(7)(B).

Based on the Parties' stated reasons, the Joint Motion for Continuance (Doc. 19) is **GRANTED**. The Court finds that failure to grant the requested continuance would deny the Defendant continuity of counsel and necessary preparations for trial, even assuming due diligence, and would likely result in a miscarriage of justice. The Court also finds that the need for this continuance outweighs the public and the Defendant's best interest in a speedy trial. 18 U.S.C. § 3161(h)(7)(A)-(B). It is **ORDERED** that the case is **CONTINUED** to the August trial term in Valdosta, Georgia, which begins August 8, 2022, unless otherwise ordered by the Court. The Court further **ORDERS** that the time from the date of this Order to the conclusion of the August 2022 Trial Term is **EXCLUDED FROM COMPUTATION** under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7). The Court hereby informs the parties that no further continuances shall be granted in this case except as to prevent manifest injustice.

**SO ORDERED**, this 2nd day of May 2022.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**